IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
04/30/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

| | |
|---|---|
| SALMON MAMADZHONOV, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 26-3038-JWL |
| | ) |
| C. CARTER, Warden, FCI-Leavenworth; | ) |
| TODD LYONS, Acting Director, | ) |
|    U.S. Immigration and Customs Enforcement; | ) |
| KRISTI NOEM, Secretary, | ) |
|    Department of Homeland Security; and | ) |
| PAM BONDI, Attorney General, | ) |
| | ) |
| Respondents. | ) |
| | ) |
| _____ | ) |

## **MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials.  For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Russia, entered the United States in July 2023, although removal proceedings were initiated at that time.  On August 11, 2025, immigration officials took petitioner into custody, and on December 3, 2025, an immigration judge ordered petitioner's removal to Russia (with petitioner waiving appeal of that order).  Petitioner is presently detained within this judicial district.  On February 26, 2026, petitioner filed the instant petition.  Respondents filed an answer to the petition, and the deadline for a reply brief has expired, and the matter is therefore ripe for ruling.

The Court first rejects petitioner's claim that his detention has become unreasonably indefinite under *Zadvydas v. Davis*, 533 U.S. 678 (2001). In that case, the Supreme Court held that although an alien may not be detained indefinitely pursuant to 8 U.S.C. § 1231(a), the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. *See id.* at 699-701. The Supreme Court further held that, beyond that six-month period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *See id.* at 701. Petitioner has not yet been detained for more than six months since his removal order became final, however. Accordingly, because his detention remains presumptively reasonable, petitioner's claim under Section 1231 and *Zadvydas* fails.

The Court also rejects petitioner's due process claim in which he alleges that he is not being detained for the proper purpose of effecting his removal. Petitioner has cited no authority suggesting that his detention during this period is unconstitutional. Nor has he shown that his detention is for an improper purpose.

Finally, the Court rejects petitioner's claim based on a violation of regulations found at 8 C.F.R. §§ 241.4, 241.13. Respondents have submitted evidence that petitioner has received a custody review, and petitioner has not shown or even explained with specificity how the Government has failed to comply with any particular applicable regulation with respect to his detention. The petition is therefore denied in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.


IT IS SO ORDERED.


Dated this 30th day of April, 2026, in Kansas City, Kansas.


/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge